IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:17-CR-158-A |
| | § | |
| CARLEY JEAN BENNINGFIELD, ET AL. | § | |

O R D E R

Attached to this order as an exhibit is a copy of a letter dated May 5, 2018, the undersigned received in Chambers on the date of the signing of this order, from defendant ANGEL RENEE NORRIS ("Norris"). This is the second time the court has received a similar letter from Norris. The first was attached as an exhibit to an order the court issued in this case on January 26, 2018. Doc. 158.[1] Pursuant to the directives of that order, Norris's attorney, Danny Burns ("Burns"), met with Norris and discussed her concerns, following which Burns informed the court that he had "talked with Ms. Norris about her jail house lawyers [advice] was not the best and she agreed that she would listen to [his advice] and [he] agreed that [he] would follow her requests [if] she still wanted them after [they] talked about them." Doc. 159 at 3. The court is optimistic that frank and

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:17-CR-158-A.

open discussions between Norris and Burns will, again, result in a resolution of the concerns of Norris. Therefore,

The court ORDERS that Danny Burns ("Burns"), after delivering a copy of this order to Norris, meet with Norris in person by May 14, 2018, to the end of resolving any problems existing between them, and that by 4:00 p.m. on May 17, 2018, Burns file a report with the court, under seal if he desires, concerning such meeting, including a statement as to the date when the meeting was held, the time of day it commenced, the time of day it ended, things that were discussed in the meeting, and the outcome of the meeting.

When Burns meets with Norris as described in the preceding paragraph, Burns shall inform Norris that Norris could lose her attorney-client privilege as to any communications between her and Burns that are relevant to her request for substitution of counsel if she persists in such request.

The court further ORDERS that if Burns concludes as a result of things that occur at the meeting that a motion should be filed on behalf of Norris, Burns file such a motion by 4:00 p.m. on May 17, 2018.

SIGNED May 9, 2018.

_____
JOHN McBRYDE
United States District Judge

2

Honorable Judge McBride;            5-5-18

    I am writing to express my extreme concerns in regards to my attorney or lack of. Your honor I have repeatedly requested that my attorney Mr. Burns do the simplest of things to prepare me + my case for sentencing coming up on June 5th and he has yet to do anything reference my case. I had to practically force him to submit my objections. I've tried to rectify this lawyer/client relationship several times, sought mediation, written you all to no avail. It simply is a failure. And now its gone beyond the point of disagreement to a complete and utter lack of representation. Sir even my mental health records which I provided to Mr. Burns via my old attorney were for his private use only. He was to review them and see if they would be grounds for a downward departure. I never signed any release forms whatsoever. However

2

because of the extensive amount of records/work mr. Burns didn't feel like going over them and simply handed them over to mrs. Bradford in hopes that they would help me on my PSI. They did the complete opposite and I never gave permission or signed a release for her to have my medical records. Is that not a violation of hippa laws + regulations? If I'm wrong as correct me. Also your honor I've requested that mr. Burns pull my Juvinille record in order to show that my TYC record that mrs. Bradford the PSI lady made a big show of highlighting should never have been used. Due to the fact that the juvinille courts erred in sending me to TYC and I was released on appeal. But mr. Burns refused to bring a release and pull my records. He refuses to do anything to help me. Your honor I have a troubled past I've been in + out of

3

placements, foster homes, psyche wards starting @ age 4. I've been abused, ran away, did drugs, got in trouble and escaped the pain. But for the past 2½ years before I was arrested I completely changed my life. I was clean, taking parenting classes, CATS drug courses, had 2 beautiful baby boys, my own apartment, a part time babysitting job, was receiving vocational training through the Texas Workforce Solutions. Never failed a U.A., yes I was behind on probation fees but I was giving it my all. I completely removed myself from that lifestyle and I didn't know that I had federal charges pending. I had no clue that the federal government was going to arrest me. I changed for my children, for myself because it's the right thing to do. And Im sorry I was ever the addict I was but your honor half of what was said "proffered" on me simply isn't true especially Alisha

Feeney's statements I asked my attorney to object. He worded it all wrong & they refused it. Nothing she said is true. I don't know what to do. This is my life. My children are in a temporary placement all I do is pray. I just want an attorney who will put in an effort. I mean I've never even recieved one piece of legal mail from Mr. Burns. He tells me I should be glad I didn't get gun enhancements etc and be happy w/ the time I'm getting but that's not fair & not right. I've never touched a gun a day in my life. I don't like guns or people who mess w/ guns so why should I get a gun enhancement? I just don't understand how this system works. All I know is that I changed and I pray that that @ least counts for something.

Respectfully, Ann Marie